Mrs. A. Bridgeman

vs.

Star Realty Co.

:     No. 7983.

:     Court of Appeal.

:     Parish of Orleans.

Dinkelspiel. J.

Dinkelspiel.  J.

Plaintiff sues defendants representing that the latter held themselves out as agents for the sale of a piece of property in the City of Waveland, Mississippi, and on September 27th, 1915, obtained the signature of plaintiff to an offer for the purchaser of said property.

That it was stipulated in said offer that the sum of $800.00 should be paid in cash on a certain date; that subsequently to the time fixed, October 15th, 1915, plaintiff called at the office of defendants and informed them that she was unable to obtain $800.00 cash but would be able to pay $500.00 cash.

That thereupon the said defendants informed plaintiff that $500.00 as a cash payment would be satisfactory and relying on that statement obtained from plaintiff a deposit of ten per cent or $170.00 for the purchase of said property.

And petitioner further avers that it was her intention to abrogate and that she did abrogate the first negotiations looking toward a tentative agreement which called for a payment of $800.00 cash and substitute therefor a second agreement calling for a cash payment of $500.00 and that on the representation of said defendants that $500.00 would be a satisfactory cash payment, she was induced to make the payment of $170.00 as the deposit in connection with the sale.

Alleging further that subsequently the owner of the property refused the cash offer of $500.00, stating substantially that her agents had no authority to negotiate the transaction on a basis of a $500.00 cash payment and said owner in the presence of two witnesses at Bay

St. Louis, Mississippi, on October 20th, 1915, when petitioner had gone to Bay St. Louis for the purpose of completing the sale, the owner refused to complete sale, announcing that she was not satisfied therewith.

Plaintiff avers further that upon this refusal she withdrew from the said transaction and announced her intention to cancel and annul any and all agreements or negotiations with reference to the purchase of said property and that the owner acquiesced in said cancellation and alleging that she has made amicable demand upon the defendants for the return of the $170.00 without avail and that her signature to the document obtained by the defendants wasprocured by misrepresentation, she was entitled to recover the amount of said deposit from defendants.

Wherefore she prayed for judgment.

Defendants in their answer substantially admitted that they were a corporation doing business under the name of the Star Realty Company.

They denied that they obtained the signature of plaintiff under misrepresentation for the sale of property in the city of Bay St. Louis, Mississippi; that they held themselves out as agents for any such property, but they did hold themselves out as agents for the sale of five and three-quarters acres of land, home, barn and so forth in Gainsville, not one mile from Nich ollson Avenue Station, Mississippi", and that they obtained the signature of plaintiff to an offer to buy the land for $1700.00 and that said offer stipulated that in the event of acceptance, plaintiff was to deposit $170.00 on account of the purchase price and her failure to complete the terms of the offer, defendants

commissions on the sale, attorney's fees and costs of court for enforcing collection was to be paid by her and defendants further say that said offer was accepted by the owner of the property.

That the offer and acceptance was that $800.00 should be paid in cash on a certain date and that plaintiff promised that she would pay that sum on the date of the settlement of the sale of her property which was 2312 Marengo Street in the City of New Orleans and further represented that the said property had been sold and that final settlement would be made not later than October 12th, 1915 and that balance of the purchase price was to have been payable at the rate of Twenty Five Dollars per month; but instead of the $800.00 which should have been paid under the contract, plaintiff alleged that she would prefer to pay $500.00 which defendants offered to submit to their principal and do everything in their power to get her acceptance. They further admit that plaintiff made the deposit of $170.00 for the purchase of the property in question and insisting that plaintiff was bound by her written contract and not having complied therewith, the money, $170.00, was the property of their principals.

Wherefore they prayed for a dismissal of plaintiff's suit and for judgment in their favor.

It is unnecessary and it would serve no practical purpose to quote at length, the testimony of either the plaintiff or the defendant, Schmaltz.

In many respects they do not differ and whilst they are not absolutely in harmony, one with the other, yet there is sufficient to justify the belief that this

425

contract which in evidence was modified as regards the cash deposit, the original agreement being that plaintiff was to pay $800.00 in cash and the modification was that she was to pay $500.00 in cash.

It is further positive and not ~~disputed~~ *disputed* that plaintiff went to the defendants, informed them of her inability to pay, at the time agreed upon, more than $500.00 in cash and then defendants stating that that would be satisfactory and would be acceptable to their principaes, plaintiff paid ten per cent of the $1700.00 or $170.00 to defendant with the understanding and positive agreement that she was to go over and take possession of this property and to arrange for giving her notes for $25.00 each to represent the balance of purchase price.

Believing these statements to be true and acting on same, she sold out all her furniture and other belongings in the City of New Orleans and went with her family, over to Bay St. Louis, there to carry out her contract; she went to the Bank and in the presence of the owner of the property and the President of the Bank she tendered the balance of the $500.00 cash payment and was ready and willing to sign the notes as agreed upon for whatever was due to the owner; these notes were actually prepared and signed by her in the presence of the President of the Bank when the principle refused and declined to acceed, and called the transaction off, cancelling all her obligations, refused to go one step further in the matter.   Plaintiff immediately phoned to New Orleans to have Mr. Schmaltz, one of the agents to come to Bay St. Louis in order to effect sale but he failed; she returned

then to New Orleans and demanded the return of the money which she had deposited, same being denied her.

Defendants have not accounted for this money either to their principle or to plaintiff. Mr. Schmaltz testified; that he has this money in bank in the City of New Orleans, awaiting the decision in this cause.

His Honor, the Judge of the Court aqua saw and heard the witnesses and had a much better opportunity than we had in deciding this case.

He did so in a very able written opinion in which virtually he condemned these defendants, believing as we do that there was fraud practiced on this plaintiff by misrepresentation and that she is entitled to the return of the deposit.

> "The nature of the contract is that which characterizes the obligation which it creates." Civil Code, Art. 1841.

> "When parties misunderstand each other there is no contract." 42 Ann. 107; Pittsburg & Southern Coal Company vs. Slack & Company.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed.

-Judgment Affirmed-